# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

EMMANUEL STANDIFER,

    Plaintiff,

v.

    Case Number: 8:17 cv 1080 T 23 MAP

ODLE MANAGEMENT GROUP, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, was an employee of Defendant, a Florida for-profit corporation, and brings this action for unpaid wages, liquidated damages, attorney's fees/costs and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Plaintiff worked as a salaried worker for Defendant, but was not subject to any exemptions and was not paid for all the hours that he worked for Defendant.

2. Defendant is a for-profit corporation that operates and conducts business in, among others, Pinellas County, Florida and is therefore, within the jurisdiction of the Court. Defendant is an EMPLOYER as defined by the FLSA and Defendant conducts interstate commerce, using telephones, highways, and bywyas and products and supplies (that are used in connection with services provided to Defendant's customers) that do not originate from Florida.

3. In addition, Defendant required Plaintiff to travel out of state. Defendant is a large career placement enterprise that operates nationwide.

4. Likewise, Defendant is an employer under 29 U.S.C. 1001-1140.

5. Plaintiff's duties involved interstate commerce, including but not limited to working as a manual laborer in the dormitory who mopped, swept, vacuumed, moved furniture and used cleaning supplies.

6. This action is brought under the FLSA to recover from Defendant, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

7. This action is intended to include each and every hourly employee who worked for the Defendant at any time within the past three (3) years.

8. The Court has jurisdiction over Plaintiff's claims as all material events occurred in Pinellas County as a primary place, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

9. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

10. In fact, Defendant routinely conducts commerce both in and out of the State of Florida and which, upon information and belief has grossed over $500,000.00 in revenue in the thirty six months prior to the institution of this complaint.

11. At all material times relevant to this action, Plaintiff, in his capacity as an blue collar employee, was individually covered by the FLSA.

12. Plaintiff routinely dealt with the instrumentalities of commerce, including but not limited to telephones, computers, and data transmission lines to process residents for Defendant.

2

13. Plaintiff did not exercise any substantial discretion in the exercise of his job duties from through his date of termination in April 3, 2017.

14. Plaintiff did not supervise more than two full time employees.

15. Plaintiff did not have hire or fire authority.

16. Plaintiff did not direct the work of subservient employees. All decisions of this nature were made by Plaintiff's superiors.

17. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment at the correct rate of pay.

18. In fact, Defendant failed to pay Plaintiff overtime during his period of employment. (See, Attachment A). Defendant responded to Plaintiff's letter or request for approximately $1,700.00 in wages for time that Plaintiff did not get paid for by Defendant by stating that Plaintiff was not entitled to receive overtime.

19. During most weeks of Plaintiff's employment, Plaintiff worked more than 40 hours per week. Plaintiff was paid on a salary basis and Defendant made no attempt to properly record Plaintiff's time spent working. During most weeks of his employment, Plaintiff worked more than forty hours a week. Plaintiff often came into work early and stayed late. Additionally, during these weeks, Plaintiff was consistently on call and was often required to come into the workplace on days on which he was not scheduled. The true extent of Plaintiff's damages are unknown at this time because Defendant has not produced the records requested by Plaintiff.

20. Plaintiff made written claims for the alleged wages on one occasion and provided his best good faith calculations therein, though, as referenced above, the true amount of such damages are not yet fully known. (See, Attachment A).

21. Specifically, Defendant failed to pay Plaintiff overtime wages for the majority, if not all, weeks of his employment.

22. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's true hours of work.

23. Defendant did not turn over any documentation that may have assisted Plaintiff in providing a more specific demand or any specifics with regard to how Plaintiff could have been an exempt employee under the Fair Labor Standards Act.

24. Plaintiff worked between approximately 40 and 50 hours a week during each week of his employment with Defendant.

25. Plaintiff was not a member of Defendant's management.

26. Plaintiff's job duties were exclusively of a blue collar variety and included working as a dormitory worker and doing manual labor as described above.

27. Plaintiff did not appraise employee productivity.

28. Plaintiff did not handle employee complaints or grievances.

29. Plaintiff did not participate in Defendant's budgetary planning.

30. Plaintiff did not participate in maintaining legal compliance measures for Defendant.

31. To the extent that relevant documents exist, such are believed to be in the exclusive possession of Defendant, however Defendant has not produced any documentation relating to this claim.

## COUNT I – RECOVERY OF UNPAID WAGES

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above.

33. Plaintiff was entitled to be paid premium wages for each hour worked beyond 40 in a single workweek. During his employment with Defendant, Plaintiff was not paid overtime at the correct rate of pay for all the hours that Plaintiff worked beyond 40 in a single workweek.

34. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff his correct rate of pay for each hour worked work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages under Florida law, as well as minimum wages and overtime for those weeks in which the undocumented hours worked by Plaintiff would have constituted overtime, as well as liquidated damages under the FLSA and attorney fees.

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages as well as attorney fees and costs and such other further relief as this Court deems just and proper. I HEREBY AFFIRM THAT THE FACTUAL STATEMENTS MADE ABOVE ARE TRUE AND CORRECT, UNDER PENALTY OF PERJURY

_Emmanuel Standifer_
Emmanuel Standifer

**s/W. John Gadd**
W. John Gadd, Esq.
Fl Bar Number 463061
Bank of America Building
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com